IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM B. COLLINGE,

                Petitioner,

    v.                                                                    CASE NO. 25-3226-JWL

BRIAN BELLINDER, et al.,

                Respondents.

**MEMORANDUM AND ORDER**

    This matter is a pro se petition for writ of habeas corpus filed by Petitioner and state prisoner Adam B. Collinge. Petitioner has moved for leave to proceed in forma pauperis (Docs. 2 and 4) and his motion will be granted. In addition, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

    The Court has conducted the Rule 4 review of the petition filed in this case and finds that the petition seeks to challenge Petitioner's convictions in Pawnee County, Barton County, and Shawnee County. (Doc. 1, p. 1.) Rule 2(e) of the Rules Governing Section 2254 Cases in the

1

United States District Courts states: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Thus, the petition that began this case fails to comply with Rule 2(e). Petitioner will be granted time in which to file an amended petition under this case number that challenges only the judgment of one state court, whether that be the judgment from Pawnee County, Barton County, or Shawnee County. If Petitioner wishes to challenge judgments from additional counties, he must begin a new case for each judgment he wishes to challenge under 28 U.S.C. § 2254.

In other words, if Petitioner chooses to seek federal habeas relief related to a conviction or convictions in Pawnee County in this case, he must file in this case an amended petition limited to those convictions. If he also wishes to seek federal habeas relief related to a conviction or convictions in Barton County, he must file a petition to begin a separate case seeking federal habeas relief from his Barton County convictions. And if he also wishes to seek federal habeas relief related to a conviction or convictions in Shawnee County, he must file a petition to begin a third case seeking federal habeas relief from his Shawnee County convictions.

The Court will direct the clerk to provide Petitioner with the required form for filing an amended petition in this matter. If Petitioner fails to timely file an amended petition in this matter that challenges only the judgment from one state court, this matter will be dismissed without prejudice. *See Portley-el v. Brill*, 380 Fed. Appx. 744, 745-46 (10th Cir. 2010) (finding reasonable jurists would not conclude dismissal without prejudice was abuse of discretion when petition failed to comply with Rule 2(e) and petitioner did not avail himself of opportunity to amend). The Court also will direct the clerk to provide Petitioner with the required forms for filing petitions—and beginning new federal habeas cases—seeking federal habeas relief from convictions that occurred in additional counties.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 2) is **granted**. Petitioner is granted to and including **December 9, 2025**, in which to file an amended petition in this matter that complies with Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts. The Clerk is directed to provide Petitioner with the required form for filing an amended petition in this case. The Clerk also is directed to provide Petitioner with two copies of the forms required to begin two separate, additional habeas cases seeking relief under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED:   This 3rd day of November, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
