IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM B. COLLINGE,

                **Petitioner,**

v.                                                    CASE NO. 25-3226-JWL

BRIAN BELLINDER,

                **Respondent.**

## MEMORANDUM AND ORDER

Petitioner and Kansas prisoner Adam B. Collinge began this matter by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On November 3, 2025, the Court issued a memorandum and order ("M&O") granting Petitioner leave to proceed in forma pauperis and explaining that the petition he submitted failed to comply with Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts because it sought to challenge judgments from more than one state court. (Doc. 5, p. 1-2.) In the M&O, the Court granted Petitioner time in which to file an amended petition in this case "that challenges only the judgment of one state court, whether that be the judgment from Pawnee County, Barton County, or Shawnee County." *Id.* at 2. The M&O also directed the clerk to provide Petitioner with the required forms on which to file additional cases if he wished to do so. *Id.* at 3. Petitioner was expressly warned that if he "fails to timely file an amended petition in this matter that challenges only the judgment from one state court, this matter will be dismissed without prejudice." *Id.* at 2.

The deadline set in the M&O for Petitioner to file his amended petition in this matter was December 9, 2025. *Id.* at 3. As of the date of this order, the Court has received nothing further

1

from Petitioner. Thus, this Court will dismiss this matter without prejudice because the petition fails to comply with Rule 2(e) of the Rules Governing 2254 Cases in the United States District Courts. *See Portley-el v. Brill*, 380 Fed. Appx. 744, 745-46 (10th Cir. 2010) (finding reasonable jurists would not conclude dismissal without prejudice was abuse of discretion when petition failed to comply with Rule 2(e) and petitioner did not avail himself of opportunity to amend).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to comply with Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 30th day of December, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge